F I L E D
Clerk
District Court
APR 05 2023
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal Case No. 1:23-cr-00005 |
| Plaintiff, | **DECISION AND ORDER APPOINTING COUNSEL AND IMPOSING PARTIAL PAYMENT** |
| v. | |
| **JUANA C. LEON GUERRERO**, | |
| Defendant. | |

Before the Court is Defendant Juana C. Leon Guerrero's second Financial Affidavit in support of her oral request for court appointed counsel. (ECF No. 25.) Having reviewed Defendant's second financial affidavit, the Criminal Justice Act at 18 U.S.C. § 3006A which governs representation of defendants, and Volume 7A of the Guide to Judiciary Policy concerning Defender Services, the Court hereby GRANTS Defendant's request for court appointed counsel and ORDERS that Attorney Robert T. Torres is appointed to represent Defendant in the above-entitled case. However, based on the Court's evaluation of Defendant's financial information, Defendant is required to pay the amount of **$1,500.00** to the Clerk of Court at the U.S. District Court for the Northern Mariana Islands within 30 days of this Order to pay for some of the costs of her legal representation.

I.      PROCEDURAL BACKGROUND

A grand jury returned an indictment against Defendant on March 16, 2023 charging her with Conspiracy to Unlawfully Produce an Identification Document in violation of 18 U.S.C. § 1028(a)(1), (c)(3)(A) & (f). (ECF No. 1.) It is punishable by not more than 15 years imprisonment and therefore a Class C felony offense. 18 U.S.C. §§ 1028(b)(1)(A)(ii), 3559(a)(3). Defendant

made her initial appearance and was arraigned on the Indictment by Magistrate Judge Heather L. Kennedy four days later where Defendant entered a plea of not guilty. (Min., ECF No. 10.)

Prior to Defendant's initial appearance in court, Attorney Robert T. Torres was court-appointed counsel under the Criminal Justice Act ("CJA") to represent Defendant. (ECF No. 6.) However, the Magistrate Judge found that Defendant was not eligible for court-appointed counsel based on the financial affidavit she submitted. (Min., ECF No. 10; Financial Affidavit, ECF No. 5.) Defendant was thereafter ordered to pay $150.00 before the end of the month for reimbursement of court-appointed counsel's time spent up to the arraignment, and set a status conference for April 3, 2023, to determine the status of Defendant's employment and her efforts to retain private counsel. (Min., ECF No. 10.)

Defendant subsequently paid $150.00, and the April 3, 2023 status conference was held before the undersigned. (Min., ECF No. 24.) At the status conference, Defendant informed the Court that she is no longer employed and is unable to afford counsel. (*Id*.) Nevertheless, based on the original financial affidavit and the Pretrial Services Report, the Court determined that Defendant was not eligible for court-appointed counsel. The Court further encouraged Defendant to pursue private counsel and to update her financial affidavit to give the Court an opportunity to fully re-evaluate any change in circumstances. (*Id*.) Defendant subsequently met with the U.S. Probation Officer and submitted an updated Financial Affidavit. (ECF No. 25.)

II.   **LEGAL STANDARD**

The Criminal Justice Act of 1964 and its revisions are codified at 18 U.S.C. § 3006A. Under the Act, district courts are mandated to provide for representation of defendants charged with felonies or Class A misdemeanors who are "financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Although the Act does not define these terms, the

Administrative Office has issued Guidelines for judges to follow in determining financial eligibility for the appointment of counsel under the CJA. *See* Guide to Judiciary Policy, Volume 7A, Chapter 2 § 210.40 (2022). Under these Guidelines, a defendant is "financially unable to obtain counsel" within the meaning of the Act and is therefore entitled to appointed counsel if her "net financial resources and income are insufficient to obtain qualified counsel." § 210.40.30(a). In making this determination, the court must consider "the cost of providing the [defendant] and his dependents with the necessities of life." *Id*. at (a)(1). Unfortunately, the Guidelines do not define "net financial resources," "income," "qualified counsel," or "necessities of life."

The Guidelines counsel that, in close cases, any doubts as to a person's eligibility should be resolved in the defendant's favor since erroneous determination may be corrected later. *Id*. at (b). The Guidelines contemplate that there will be some cases in which a defendant is only partially eligible for counsel, i.e., a defendant's net financial resources and anticipated income prior to trial will be in excess of the amount needed to provide her and her dependents with the necessities of life but are not enough to pay for counsel. § 210.40.40. In these situations, the court should direct the defendant to pay the "available excess funds" to the clerk at the time of appointment and from time to time during the proceedings. *Id*. Furthermore, the initial determination of eligibility should be made without regard to the financial ability of the person's family unless the family indicates a willingness and financial ability to retain counsel promptly. § 210.40.50.

### III.   DISCUSSION

At the outset, the Court notes that at the status conference hearing, Defendant stated that she is no longer employed at the Department of Public Safety. However, she clarified with the U.S. Probation Officer that she was noticed on March 23, 2023 that she has been placed on leave without pay. (ECF No. 25.) The letter from DPS indicates this status is effective March 27, 2023.

Furthermore, the Court retracts one basis stated at the hearing to deny Defendant the appointment of counsel. Whereas the Court was considering the total household income, the Court in fact will not consider other family members' source of income other than her husband's given that she has her community property interest in her husband's salary. *See* 8 CMC § 1820; *Reyes v. Reyes*, 2004 MP 1 ¶ 31("[E]ach spouse is entitled to an undivided one-half interest in all income generated during the marriage."). Undersigned also informed Defendant that she was to consider all her assets including her savings and pension funds. Defendant supplemented her amended Financial Affidavit with copies of paycheck stubs.

Based on Defendant's second financial affidavit, the Court finds that Defendant's current financial resources and lack of income are insufficient for Defendant to pay for both qualified counsel and life's necessities. To be clear, to obtain court appointed counsel, defendant has the burden to show that she is unable to afford to pay for a lawyer, not that she is indigent. *See United States v. Parker,* 439 F.3d 81, 96 (2d Cir. 2006); *see United States v. Alghaithi*, 2019 WL 2605201, at *4 (D. Ariz. Apr. 12, 2019) (determining a defendant's ability to repay attorney's fees by examining the liquidity of the defendant's finances, his personal and familial needs, or changes in financial circumstances (quoting *Museitef v. United States*, 131 F.3d 714, 716 8th Cir. 1997)). Here, the Court finds that Defendant has some financial resources that are not readily liquid, and given the imminent jury trial date set for May 23, 2023 under the Speedy Trial Act, the Court errs on the side of appointing counsel. Nevertheless, the Court also finds that Defendant is capable of partially paying the costs of adequate counsel in the amount of $1,500.00. Furthermore, Defendant is placed on notice that the Court may reconsider her eligibility for appointment of counsel during the entirety of this case in the event any new information is discovered.

//

## IV. CONCLUSION

For the foregoing reasons, the Court hereby APPOINTS Attorney Robert T. Torres to represent Defendant Juana Leon Guerrero in this case. Defendant Juana C. Leon Guerrero is hereby ORDERED to pay **$1,500.00** as a lump sum payment to the Clerk of Court for the District of the Northern Mariana Islands. Payment shall be made within thirty days of this Order. Finally, the status conference set for April 19, 2023 at 1:00 p.m. is hereby VACATED.

**IT IS SO ORDERED** this April 5, 2023.

RAMONA V. MANGLONA
Chief Judge